UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------x
OLYMPUS IMAGING AMERICA INC.,

                Plaintiff,

    -against-                               <u>MEMORANDUM AND ORDER</u>
                                                10 - CV - 4516

REIFSCHNEIDER S.A.,

                Defendant.

------------------------------------------------x

GLASSER, United States Senior District Judge

## INTRODUCTION

Before the Court is a motion for attorneys' fees and costs by plaintiff Olympus Imaging America Inc., ("Olympus" or "Plaintiff") after Olympus obtained a default judgment against Reifschneider S.A. ("Reifschneider" or "Defendant"). For the following reasons, the Court grants the motion in part.

## BACKGROUND

The facts relevant to the instant motion are as follows. Olympus, a manufacturer of digital imaging products, entered into an oral contract in 2004 with Reifschneider, who thereby became a distributor of Olympus's products. (Compl. ¶¶ 10-11.) Under the agreement, Reifschneider would submit purchase orders for various products and Olympus would deliver the goods along with an invoice for payment. (<u>Id.</u> at ¶ 13.) The parties' relationship continued until March of 2010, when Reifschneider fell behind on, and has since refused to pay, three outstanding invoices the total amount of which, less

1

payments received by Olympus, is $292,965.20. (Id. at ¶¶ 14, 19.) Olympus commenced this action to recover the amounts owed, along with monthly service charges, interest and attorneys' fees pursuant to the terms and conditions of the invoices.[1] After Defendant failed to answer or otherwise respond to the complaint, this Court granted a motion for default judgment on April 14, 2011 in the amount of $317,107.20, representing the unpaid invoices plus interest and service charges. Olympus then timely filed this motion for attorneys' fees and costs. Attached to the motion is the declaration of Namita E. Mani (the "Mani Declaration"), an associate at Morgan, Lewis & Bockius LLP, counsel to Olympus. The Mani Declaration recounts the expenditure by counsel of 80.40 total hours in drafting the complaint, as well as obtaining the default judgment, and a request for $25,968.63 in attorneys' fees and $383.35 in costs.

## DISCUSSION

Entitlement to a Fee Award

Federal Rule of Civil Procedure ("FRCP") 54(d) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's

---

[1] The terms and conditions of sale state in pertinent part:

FAILURE TO PAY; SECURITY INTEREST
Failure to make any payment when due shall cause the entire amount of the unpaid debt to become immediately due and payable at the option of Olympus. In addition to any other rights of Olympus, Olympus may, upon default of the Buyer in payment (a) apply a service charge at the rate of one and one half percent (1-1/2%) per month on the unpaid balance and/or (b) remove the product and hold it or sell it at public auction or private sale, it being understood that Olympus is permitted to purchase at any public sale. If the unpaid balance plus interest and/or service charges is not satisfied from the proceeds of such sale … then Buyer shall pay on demand any such deficiency as liquidated damages for breach of contract, along with all agency, attorneys' fees and court costs incurred by Olympus in the collection of delinquent payments.

2

fees—should be allowed to the prevailing party." Although not embraced by the Rule, attorneys' fees are recoverable where the parties have so agreed in a contract valid under state law. U.S. Fidelity and Guar. Co. v. Braspetro Oil Servs. Co., 369 F.3d 34, 74 (2d Cir. 2004). In New York, a contractual fee arrangement is enforceable where the language is clear and unambiguously applies to the dispute at issue. Coastal Power International Ltd. v. Transcontinental Capital Corp., 182 F.3d 163, 165 (2d Cir. 1999).

The invoices sent to Reifschneider constituted valid contracts in which it unambiguously agreed to be liable for the attorneys' fees incurred in collecting the delinquent payments. Where a party defaults, such as the Defendant did here, the "default is deemed to constitute a concession of all well pleaded allegations of liability . . . ." Greyhound Exhibitgroup v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). In its complaint, Olympus sufficiently alleged the validity of Reifschneider's contractual obligation to the terms and conditions of sale. (Compl. ¶ 33; see also ¶¶ 21-32.)

Amount of the Fee Award

Having decided Olympus is entitled to an award of fees, the Court must now determine how much to award. "[I]n addressing a contractual claim for attorney's fees, a court must determine what constitutes 'a reasonable amount of fees.'" HSH Nordbank AG New York Branch v. Swerdlow, 2010 WL 11141145 at *5 (S.D.N.Y. March 24, 2010) (quoting McGuire v. Russell Miller, 1 F.3d 1306, 1313 (2d Cir. 1993)). The Court will not compensate counsel for hours that are "excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). In its inquiry into the

3

reasonableness of the fee sought, a court looks to a number of factors, including "the difficulty of the questions involved; the skill required to handle the problem; the time and labor required; the lawyer's experience, ability and reputation; the customary fee charged by the Bar for similar services; and the amount involved." F.H. Krear & Co v. Nineteen Named Trustees, 810 F.2d 1250, 1263 (2d Cir. 1987). Additionally, "it is appropriate for a court to consider the amount of fees requested in relation to the amount of damages at stake in the litigation." HSH Nordbank, 2010 WL 1141145 at *6. A motion for attorneys' fees must be "accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done," New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983), which must "be sufficiently detailed to allow a court to determine if the time and labor expended was reasonable." Serin v. Northern Leasing Systems, Inc., 2011 WL 1467560 at *6 (S.D.N.Y. April 19, 2011).

After consideration of the Plaintiff's application and the above factors, the court finds Plaintiff's fee request to be reasonable. Plaintiff's fee application contains detailed contemporaneous logs of each attorney's work on the case. While this is a straightforward action for breach of contract, the hours logged by Plaintiff's attorneys were neither excessive nor redundant. The billing rate varied from $240 per hour for work performed by a paralegal to $750 per hour for work performed by a partner with over twenty years of experience. Importantly, however, the large majority of the hours billed by Plaintiff's attorneys (64 of 80 total hours) were billed by two associates, each with several years of experience. Their average rate was $535 per hour, which compares

4

to the fees charged by similar large Manhattan law firms.  Additionally, the total fee sought was discounted from $40,627.50 to $25,968.63, a discount of $14,658.87, representing thirty-six percent.  With the discount, the average fee charged comes to $323 per hour, a modest rate given the experience of the attorneys and the reputation of their firm.  Finally, the overall attorneys' fee of $25,968.63 sought represents only eight percent of the $317,107.20 judgment entered in this case, further confirming the reasonableness of the amount sought.

With regard to Plaintiff's request for costs in the amount of $383.35, FRCP 54(d) allows the award of costs to the prevailing party.  Title 28 § 1920 of the United States Code lists the expenses "that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."  <u>Marketing Devs., LTD. v. Genesis Import and Export, Inc.</u>, 2009 WL 4929419 at *12 (E.D.N.Y. Dec. 21, 2009).  Plaintiff's costs in the amount of $365.00 for court filing and printing fees are allowable under 28 U.S.C. § 1920, however the costs in the total amount of $18.35 for local travel expenses, legal notifications, legal research and copy fees are not allowable under the statute, nor were they embraced by the terms and conditions of the invoices to which Reifschneider agreed. (<u>See</u> <u>supra</u>, FN 1; 28 U.S.C. § 1920.)

## **<u>CONCLUSION</u>**

Therefore, Plaintiff's motion for attorneys' fees in the amount of $25,968.63 is hereby GRANTED, and Plaintiff's motion for costs is hereby GRANTED in the amount of $365.00.

SO ORDERED.

Dated:    Brooklyn, New York
          June 21, 2011

_____/s/_____

I. Leo Glasser
United States Senior District Judge